Good morning. Vince Bronco, Federal Defenders, on behalf of Mr. Trevino. So now we're in North Carolina, right? Yes, now we're in North Carolina. But first let's go to the Fifth Circuit. Because in Dominguez-Ochoa, the Fifth Circuit held that for purposes of 2L1.2, the generic contemporary meaning of manslaughter requires a reckless mens rea. This court should follow the Fifth Circuit's lead and hold that the North Carolina involuntary manslaughter statute does not categorically qualify as a crime of violence because it allows criminal liability based on mere careless and thoughtless disregard conduct. The first step of a Taylor analysis is to look at how that term is defined. And when it involves a common law offense like manslaughter, Corona-Sanchez dictates that we look to how that term is used in most of the codes throughout the United States. Do we also look at the record to see what happened? That would be the second part. But the first step is to see what the term manslaughter means categorically. Just like in Taylor, they look to what does burglary mean categorically. And when you look at what manslaughter or involuntary manslaughter means throughout most jurisdictions in the United States, all except I believe 9 or 10 require a consciousness of the risk. North Carolina doesn't require this. The Dominguez-Ochoa court went through many of the jurisdictions showing how this is the majority view. Lafarve has commented that the majority view requires a consciousness of risk. The model penal code requires a consciousness of risk. If North Carolina says something like culpable negligence means that you knew the probable consequences but were intentionally, recklessly or wantonly indifferent to the results, would that cover? Can you say the first intentionally or knew? You knew the probable consequences of what you're doing. But you're intentionally, recklessly or wantonly indifferent to that result. I believe that would qualify the reckless mens rea. But the actual definition of culpable negligence in North Carolina is defined in criminal law as recklessness or carelessness approximately resulting in injury or death as imports a thoughtless disregard of consequences. And what statute is that? That is in the case of State v. Early, 232, North Carolina, 717. I was quoting a North Carolina Supreme Court case, by the way. Which case is that? Because it hasn't been quoted to us yet. State v. Stancil. I can tell you that we have quoted many of the cases in North Carolina, which has a totally different mens rea using the recklessness. This is from the Supreme Court. I mean, assume it. But it's pretty OK. Assuming that were the law in North Carolina, you'd be in trouble, right? I'd be in trouble if there has to be an awareness of the risk. Yes. I would like to be able to have an opportunity to read this case and to see if there's any way that I can justify it with the many other cases that I've had before. It's old. It's from 1932. It's old. OK. The case I cite is from 1950. Right. I understand. But if that was still the law, I would have problems. I don't believe it is still the law. Certainly the government has not made a claim that the standard in North Carolina is broader than this consciousness of risk. OK. So let's get to the modified. What do we have in the record here that we didn't in the North Carolina conviction? Actually, we submitted the judgment, which just lists involuntary manslaughter. There's no other facts in it. The government submitted absolutely nothing else. So you're faced with. It's categorical or it's not, because all I have is the judgment. And quite frankly, unless you're going to create a circuit conflict with the Dominguez Ochoa. And I don't think the government has provided any information or any reasons why, other than perhaps a reliance as a dissent in Dominguez Ochoa saying we should look at the fact that in 2A 1.4, they use a term criminal negligence in defining a base offense level. But again, Dominguez Ochoa gives reasons why that definition shouldn't apply. And the main reason is that just looking to whether or not what they define in one section doesn't control what the guidelines define in another. And Taylor clearly states how to conduct this categorical analysis. The purposes of using the term involuntary manslaughter in 2A are completely different from what they would have been defining in 2L. Meaning under this, because there are a lot of assimilated crimes, they're looking for a definition that would cover all types of negligent homicides. So they would need something to incorporate the minority view that mere negligence can support involuntary manslaughter conviction. But that is not the majority view. It's never been contested that mere negligence could be the majority view. One difficulty, some of the North Carolina cases that seem to use broader language are dealing with situations where the person clearly has knowingly violated a statute. Forget the other branch of it. We don't know if that's what happened with your person, at least from the record. But there are motor vehicle cases where the person has clearly gone over the line or gone much faster than they should. And in those cases, of course, you don't have to deal with anything but the fact that he was violating the statute. Right. Correct. But I think you have to use the definition that they've been giving at least since 1950, which includes carelessness and thoughtless disregard. And if you put thoughtless disregard, which is part of the law there, that's directly in conflict with conscious disregard, which is required in the majority of jurisdictions. I'm sorry. That's one branch of involuntary. The other involuntary is you knowingly violate a safety statute, and that's good enough. You don't need anything else, but you knowingly violate the statute. Well, as long as one section of it is overbroad, it's overbroad. I'm with you. I'm saying the cases that seem to talk about the other possibilities are cases where the person did knowingly violate a statute. So are they as focused as a case that really dealt with something other than a safety violation? In other words, is it a kind of victim? I mean, unfortunately, I'm caught somewhat because I've only read the cases that I've cited. And those I'm just going on the plain language of those which create a thoughtless disregard. If I have these cases, I could try. But the government hasn't cited any or even made the argument that it requires a conscious risk. I'll reserve the rest of my time. Thank you. Good morning. May it please the Court. Timothy Salel on behalf of the United States. The district court did not err when it applied the crime of violence enhancement in this case. First, from the plain language of the sentencing guidelines 201.2, the involuntary manslaughter was manslaughter, did fall within the definition of what a crime of violence is within the application rights to 201.2. To clarify the record in this case, there was only the judgment and commitment that was submitted. The judgment and commitment notes on page 42 of the supplemental excerpts of record that defendant acted under strong provocation. In this case, the statute at issue, it does show that there was action on the part of the defendant as opposed to a conscious omission or willful omission on the part of the defendant. It does appear, although albeit we don't have a lot of information or very much information at all as far as what happened and what actions were taken, it does show that there was some action or at least imply that there was some action taken by defendant. Addressing the North Carolina statute, the culpable negligence standard appears to be more akin to the criminal negligence standard in section 1112 of the Title 18, which requires for manslaughter, unlawful killing without negligence, or excuse me, without malice, without due caution and circumspection. This is the same statute, the language is the same as what the court addressed in the Park case, where the court found that the criminal negligence in that case, the California Penal Code section 192B, did constitute a crime of violence. And the standard and the definitions in the case law for the culpable negligence standard under North Carolina law does fall in line more closely with Park. Obviously, as pointed out by counsel, there is a wide variety. And Dominguez-Ochoa points out that there's a number of states that have different standards. I think North Carolina falling in the minority with 10 other states. But in one of the cases, the recent case, Velasquez-Reyes addressed the second-degree arson case up in Washington. And that court found that there was a variety of standards of arson. And in that case, they looked to the federal definition. In this case, the federal definition of involuntary manslaughter would include criminal negligence. 2A1.4A1 clarifies that criminal negligence is an appropriate standard for a crime of violence for the manslaughter conviction. And just based on the plain language of the statute, the conviction, and the supporting guidelines under 2A1.4, that the government believes that this should fall within the definition of the crime of violence. Should we be concerned about a conflict with the 11th Circuit? I do not believe. Your argument, would we create one? I don't believe so, Your Honor. I believe the statute in Texas demands the negligent homicide, I believe, in Texas is different. The standard is different. The language of the standard is different from what's at issue in North Carolina. So if this Court applies Park in conjunction with instructive authority from 1112 for what involuntary manslaughter can constitute, as well as the guidelines 2A1.4, that there would not be necessarily a conflict between the circuits. Thank you, counsel. Thank you. I'd like to make three brief points. First, regarding the federal statute. The federal statute is defined, and this is from the jury instructions, that the defendant either knew that such conduct was a threat to the lives of others or knew of circumstances that would reasonably cause the defendant to foresee that such conduct might be a threat to the lives of others. So there's still a mens rea, a knowledge requirement, even in the federal statutes, whereas in North Carolina, assuming I'm right on the law, is that there's a thoughtlessness involved, meaning you didn't have to know anything in North Carolina. As to the California involuntary manslaughter statutes, this Court has specifically held that those require a recklessness mens rea. So everything is consistent with some type of knowledge or recklessness when dealing with involuntary manslaughter, but in North Carolina, you don't have to have that, and that's why it's overbroad. Thank you. The case is here to be submitted.
judges: Farris, Fernandez, Thomas